# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOSE DIAZ MACIAS,

    Plaintiff

v.

PERRY RUSSELL, et al.,

    Defendants

Case No.: 3:21-cv-00321-ART-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 37

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' motion for summary judgment. (ECF Nos. 37, 39.) Plaintiff filed a response. (ECF No. 40.) Defendants filed a reply. (ECF No. 41.)

After a thorough review, it is recommended that Defendants' motion be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 5.) The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment conditions of confinement claim against defendants Russell and Daniels. The claim is based on allegations that Plaintiff and other inmates informed Defendants that staff at Northern Nevada Correctional Center (NNCC) were not complying with emergency protocols regarding masks, social distancing and sanitation put in place to protect inmates from COVID-19. Plaintiff avers that while these Defendants knew COVID-19 was a potentially lethal illness, and it was spreading among inmates, neither acted to ensure staff followed COVID-19 protocols or took

any other action to protect Plaintiff. As a result, Plaintiff asserts that he contracted COVID-19. (ECF No. 4.)

Defendants move for summary judgment, arguing: (1) there is no evidence that Russell or Daniels failed to comply with COVID-19 protocols or that Defendants received correspondence from Plaintiff related to any COVID-19 concerns; (2) Plaintiff failed to exhaust his administrative remedies; and (3) Defendants are entitled to qualified immunity.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all

1  reasonable inferences are drawn in the light most favorable to the non-moving party. *In re*

2  *Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach*

3  *& Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the

4  nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,*

5  477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and

6  determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255;

7  *Anderson*, 477 U.S. at 249.

8       In deciding a motion for summary judgment, the court applies a burden-shifting analysis.

9  "When the party moving for summary judgment would bear the burden of proof at trial, 'it must

10 come forward with evidence which would entitle it to a directed verdict if the evidence went

11 uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing

12 the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*

13 *Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations

14 omitted). In contrast, when the nonmoving party bears the burden of proving the claim or

15 defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

16 an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

17 party cannot establish an element essential to that party's case on which that party will have the

18 burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

19      If the moving party satisfies its initial burden, the burden shifts to the opposing party to

20 establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v.*

21 *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine

22 dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute

23 be shown to require a jury or judge to resolve the parties' differing versions of truth at trial."

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Although conditions of confinement may be restrictive and harsh, they may not deprive inmates of "the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and subjective component. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834 (citation omitted). Second, the

prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 835.

Defendants provide evidence of the various protocols that were implemented within NDOC in an effort to protect inmates and staff from COVID-19, including policies concerning masks, hand sanitizer, sanitizing NDOC facilities, testing for inmates and staff, screening those entering NDOC facilities, isolation and quarantine for inmates and staff, and suspension of visitation and the entry of volunteers and other outside service providers. Defendants also provide evidence that they do not recall receiving any sort of communication from Plaintiff related to his COVID-19 concerns such that they were not aware of any risk posed to his health related to the alleged failure of NNCC staff to follow these protocols. (ECF Nos. 37-1 to 37-5.)

Plaintiff presents no evidence in his response to create a genuine dispute of material fact as to whether Defendants were deliberately indifferent regarding the conditions of confinement presented by COVID-19. Therefore, summary judgment should be granted in Defendants' favor, and the court need not reach Defendants' remaining arguments.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' motion for summary judgment (ECF No. 37) and enter judgment in favor of Defendants and against Plaintiff.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 12, 2023

_____
Craig S. Denney
United States Magistrate Judge