UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE DIAZ MACIAS,<br>　　　　　　　　　Plaintiff,<br>　v.<br>PERRY RUSSELL, et al.,<br>　　　　　　　　　Defendants. | Case No. 3:21-cv-00321-ART-CSD<br><br>ORDER |

*Pro se* Plaintiff Jose Diaz Macias ("Macias") brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig Denney (ECF No. 44), recommending that that Defendants' motion for summary judgment (ECF Nos. 37; 39) be granted. For the reasons set forth below the Court will adopt the R&R in full.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC). The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment conditions of confinement claim against defendants Russell and Daniels. The claim is based on allegations that Plaintiff and other inmates informed Defendants that staff at Northern Nevada Correctional Center (NNCC) were not complying with emergency protocols regarding masks, social distancing and sanitation put in place to protect inmates from COVID-19. Plaintiff avers that while these Defendants knew COVID-19 was a potentially lethal illness, and it was spreading among inmates, neither acted to ensure staff followed COVID-19 protocols or took any other action to protect Plaintiff. As a result, Plaintiff asserts that he contracted COVID-19. (ECF No. 4.)

Defendants move for summary judgment, arguing: (1) there is no evidence that Russell or Daniels failed to comply with COVID-19 protocols or that Defendants received correspondence from Plaintiff related to any COVID-19 concerns; (2) Plaintiff failed to exhaust his administrative remedies; and (3) Defendants are entitled to qualified immunity.

To sustain an Eighth Amendment conditions of confinement claim, a plaintiff must meet both an objective and subjective test. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). First, the objective prong requires a showing that the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. Id. Second, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.' . . . In such

a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

The Court agrees with Judge Denney that Defendants provided evidence of the various protocols that were implemented within NDOC to protect inmates and staff from COVID-19. Defendants also provided evidence that they do not recall receiving any sort of communication from Plaintiff related to his COVID-19 concerns such that they were not aware of any risk posed to his health related to the alleged failure of NNCC staff to follow these protocols. (ECF Nos. 37-1 to

37-5.) Plaintiff presented no evidence in his response to create a genuine dispute of material fact as to whether Defendants were deliberately indifferent regarding the conditions of confinement presented by COVID-19. Therefore, the Court agrees that summary judgment should be granted in Defendants' favor,

Macias did not object to the R&R. Because there is no objection, the Court need not conduct *de novo* review, and is satisfied Magistrate Judge Denney did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Magistrate Judge Denney's Report and Recommendation (ECF No. 44) is accepted and adopted in full;

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (ECF Nos. 37; 39[1]) is GRANTED;

IT IS FURTHER ORDERED that the Clerk shall enter Judgment and administratively close this case.

DATED THIS 11th Day of July 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[1] ECF No. 39 is an errata to ECF No. 37.